United States District Court
For the Eastern District of North Carolina

FILED
APR 21 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Bobby Burghart,                    §
Petitioner,                        §
                                   §
V.                                 § Case #  5:21-CT-3106
                                   §
U.S.A,                             §
Bureaa of Prisons,                 §
Dr. Leu, Warden of FCI 2           §

## Complaint

Petitioner, Bobby Burghart, seeks a review of a decision of the Respondents, and as grounds alleges.

## Jurisdiction

This Court has jurisdiction pursuant to the Administrative Procedures Act, 5 USC §701, et. seq.

## Claim For Relief

On March 31, 2021, the respondants, or actors or agents removed petitioner's email access, after over six(6) years of use, based upon arbitrary and capricious personal reasons.

The respondents provided a official letter notifying petitioner that he

would not be permitted to access the TRULINCS messaging system (email), which is attached to this complaint as Exhibit "A" and incorporated by reference. This letter quotes Bureau of Prisons (BOP) policy 4506.12.

The petitioner received no notification that he was being considered for termination of email privileges, which had for 6+ years, nor was he given a hearing to be able to present evidence to support that there was no realistic threat to safety, security, or orderly operations of the correctional facility, or the protection of the public or staff.

The petitioner requests that this Honorable Court review the respondent's decision as provided in the Administrative Procedures Act.

This complaint evolved from the arbitrary, capricious, and malicious decison by FCI 2 staff and administrators to block a specific group (class) of inmates (sex offenders) from using the BOP's TRULINCS Public Messaging system (email)

BOP policy 4500.12, chapter 14,9, System access states in part, "It is important that staff ensure inmates are only restricted from using TRULINCS, or individual TRULINCS services, when absolutely necessary to protect the safety, security, or orderly operations of the correctional facility, or the protection of the public or staff."

Further in this chapter, section 1, "Sex offender. Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email, or jeopardizes the safety, security, or oderly operations of the correctional facility, or the protection of the public

or staff, should be seriously considered for restriction."

The next paragraph states," As a method of identifying these inmates, staff responsibile for local sex offender management should review inmates with SENTRY CMA Walsh assignments of certified, with conviction, No conviction, to determine if their participation in the Public Messaging Service posses a realistic threat."

When the peditioner arrived at FCI 2 in NOV. 2014, he was granted access to the TRULINCS messaging Service, by and through his Case Manager.

In March 2020, peditioner was moved to a new housing building, and given a new unit team, including a new Case Manager.

On Friday, April 2, 2021, without warning, and without a hearing, of any Kind, petitioner was denied access to the Public Messaging Service.

Petitloner spoke to his Current Unit Manager, Mrs Jackson, and she made the Following statements: approximations

1) "I knew you would be a problem, so I send your File to Legal For their decisions."

2) " You should have never had email access."

Petitioner asserts that MA unit at FCI 2, has never granted access to email to any inmate with a sex offense, where as other unit teams have approved access. This shows how this policy is not being evenly enforced, Instead it allows staff to block inmates from access to emails, solely because they do not like the inmate's crime, and is not based upon sound reasons,

3

The petitioner has had one conviction of possession of child pornography, and no history of offending using email. The petitioner had public messaging access for over 6 years with no incidents or problems. Policy 4500.12, mandates that restrictions only when absolutely necessary, and when access posses a realistic threat.

Petitioner asserts that staff and administrators intentionally failed to comply with 4500.12, and denied him public messaging access in violation of policy. The respondent's decision shows discriminatory action(s) decisions based upon personal veiws of feelings, and not sound, rational decisions.

Petitioner asserts that email access is a privilege, and for any inmate who has access, can be temporarily restricted for disciplinary actions. This is only done after a disciplinary hearing. In petitioner's case he received no hearing, nor was allowed to speak in his defense or provide evidence or statements to justify being allowed access.

Policy 4500.12 was effective on March 14, 2018, but staff at FCI 2 took no action for three years.

The respondents based their decision to deprive petitioner access to the public messaging system, because his offense involved the use of the internet to file share images and videos of minors engaging in a sexual nature. Inmates DO NOT have access to the internet, nor can they send or receive pictures, or attachments, to emails received. Policy 4500.12 does not enumerate sending files as reason to deny access, only for a propensity to offend

through the use of email. The respondents cannot show petitioner has a propensity to offend through email, and since petitioner had access to email for 6t years, without incidents or problems, there was no realistic threat to the safety, security, or orderly operations of the correctional facility, or the protection of the public or staff.

Petitioner asserts, and believes, that respondent's decision was based in part for retaliatory reasonings, because of petitioner's past legal litigation, in this Honorable Court, and his use of the BOP administrative remedy process.

Petitioner contends that the respondent's practice and/or procedure for reviewing and deciding on denial of TRULINCS Public Messaging System, is fraught with arbitrary decision making, unequal treatment, and other unconstitutional devices, as described above.

In this case, the petitioner was arbitrarily, capriciously and with willful malicious intent was deprived a vested liberty interest, i.e, in his ability to communicate, affordably, with businesses, law professionals and others. Respondent's action also deprived petitioner of emails that he had received, especially legal newsletters that helped him in his legal research.

Petitioner was granted access to email in 2014, by one group of staff, now 6t years later another group has decided, for no legitimate reason, to deprive him. The current staff went beyond and outside of policy to try and find a reason for this justification, yet the respondents cannot show any realistic threat to the public or staff.

5

## Prayer

Petitioner respectfully request this Honorable Court to:

A. Declare the decision to deny petitioner access to the TRULINCS Public Messaging Service was in error, and set aside the decision, ordering respondents to lift the restriction to the Public Messaging service, and

B. Grant petitioner all other relief that is appropriate, i.e., Court cost, attorney Fees, if appropriate.

Date April 16, 2021

Respectfully submitted,

Bobby Burghart, pro-se
FCI 2 #28733-064
P.O. Box 1500
Butner, NC 27509